# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF TEXAS

## GALVESTON DIVISION

SPIRIT AND TRUTH FAMILY
WORSHIP CENTER, INC.
       Debtor

Case No. 09-33890-G3

Small Business Case under Chapter 11

### SPIRIT AND TRUTH FAMILY WORSHIP CENTER, INC.'S PLAN OF REORGANIZATION, DATED SEPTEMBER 9, 2009

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Spirit and Truth Family Worship Center, Inc. (the "Debtor") from cash flow from operations and future income. This Plan provides for 4 classes of secured claims; 2 classes of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100% on the dollar for the allowed unsecured creditors. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.    All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)).

Spirit & Truth Plan of Reorganization 2

 2.02 <u>Class 2</u>. The claim of Foundation Capital, to the extent allowed as a secured claim under § 506 of the Code.

 2.03 <u>Class 3</u>. The claim of Konica Minolta Business Solutions, to the extent allowed as a secured claim under § 506 of the Code.

 2.04 <u>Class 4</u>. The claim of Pitney Bowes, to the extent allowed as a secured claim under § 506 of the Code.

 2.05 <u>Class 5</u>. The claim of Fikes, to the extent allowed as a secured claim under § 506 of the Code.

 2.06 <u>Class 6.</u> The claim of First Data, to the extent allowed as a secured claim under § 506 of the Code.

 2.07. <u>Class 7.</u> The claim of Cornerstone , to the extent allowed as a secured claim under § 506 of the Code.

 2.08 <u>Class 8.</u> All unsecured claims under $500.00 dollars allowed under § 502 of the Code.

 2.09 <u>Class 9.</u> All unsecured claims over $501.00 dollars allowed under § 502 of the Code.

 2.10 <u>Class 10</u> . Equity interests of the Debtor

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

 3.01 <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

 3.02 <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

 3.03 <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid in regular installments payments in cash of a total value, as of the effective date of the plan, equal to the allowed amount of such claim over a period not to exceed 36 months.

Spirit & Truth Plan of Reorganization 3

3.04 <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows under this Plan:

|   | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | unimpaired | "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 – Secured Claim of Foundation Capital | impaired | "Class 2 is impaired and will be treated to the extent of the allowed secured claim under §506 of the Code.[1] |
| Class 3 - Secured Claim of Konica Minolta | unimpaired. | "Class 3 is unimpaired and will be paid in the normal course of the contract. The appropriate monthly payment of this claim is for the copier used by the Church. The approximate monthly payment is $678.19. |
| Class 4 - Secured Claim of Pitney Bowes | unimpaired | "Class 4 is unimpaired and will be paid in the normal course of the contract. The appropriate monthly payment of this claim is for the postage machine used by the Church. The approximate monthly payment is $31.05. |

---

[1] The treatment of the claim of Foundation Capital will be set forth at the end of Article IV.

Spirit & Truth Plan of Reorganization 4

| Class 5 – Secured Claim of Fikes | Unimpaired | "Class 5 is unimpaired and will be paid in the normal course of the contract. The appropriate monthly payment of this claim is for the air freshener service used by the Church. The monthly service charge is $96.40. |
|---|---|---|
| Class 6 – Secured Claim of First Data | Unimpaired | "Class 6 is unimpaired and will be paid in the normal course of the contract. The appropriate monthly payment of this claim is for the use of the credit card machine for use of the Church. The monthly service charge is $30.20. |
| Class 7 – Secured Claim of Cornerstone Management | Unimpaired | "Class 7 is unimpaired and will be paid in the normal course of the contract. This claim is for the month to month lease space currently occupied by the Church. The month to month lease payments will be made pursuant to the ordinary course of business until such time as the Church can obtain partial occupancy of the new facility. The monthly lease payment is $5,142.50. |
| Class 8 – Unsecured Claims of Creditors under $500.00 | impaired | "Class 8 is impaired and will be paid in full within 90 days from the effective date of the plan. All creditors who wish to participate in Class 8 may chose to do so by indicating such treatment on the ballot. |
| Class 9 – Unsecured Claim of Creditors over $501.00 | impaired | "Class 9 is impaired and will be paid in equal quarterly payments on a pro rata basis, commencing on the 120th day from the effective date of the plan. Payments to be made on quarterly on a pro rata basis. Any creditor wishing to accept the treatment of Class 8 may do so by electing Class 8 treatment on the ballot. |

Spirit & Truth Plan of Reorganization 5

| Class 10 – Equity Shareholders of the Debtor | impaired | "Class 10 is impaired and consists of all equity shareholders of the Debtor. The equity shareholders are not anticipated to receive any distribution unless all allowed claims have been paid in full. |

The treatment of Foundation Capital Resources, Inc.'s claim will be as following:

New Light Church's construction company will serve as General Contractor and assume responsibility for completing the construction project using the present budget as a guide. Foundation Capital Resources can elect to pay all subcontractors directly for work done on the construction project.

Foundation Capital Resources will provide funds to complete the project under agreed construction funding terms and using the construction budget (minus 10%) as the maximum budget for the project.

Spirit & Truth will make monthly payments of $20,000.00 during the remainder of the construction period. Foundation Capital Resources will restructure the Note by making the balance of the remaining arrearage a balloon payment which will be due at the end of the Note's term or incorporate the balance into revised mortgage.

Upon completion of the construction, Foundation Capital Resources will agree to offer Spirit & Truth a mortgage at an acceptable, reasonable interest rate. Spirit & Truth will make interest only payments to Foundation Capital Resources for the first five (5) years after the building is completed and occupied so that Spirit & Truth will have the time needed to stimulate growth in the congregation and increase giving and donations.

New Light Church will execute a document to purchase Spirit & Truth's worship facility in the event that Spirit & Truth defaults on the loan commitment during the first 60 months. In the event of a default and purchase by New Light Church, Foundation Capital Resources agrees to finance the purchase price at an acceptable and reasonable interest rate.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

Spirit & Truth Plan of Reorganization                                                                                              6

    5.02     <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

    5.03     <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    6.01     <u>Assumed Executory Contracts and Unexpired Leases</u>.

    (a)     The Debtor assumes the following executory contracts and/or unexpired leases effective upon the confirmation of the Plan:

        1.   Cornerstone Shopping Center on a month to month only;
        2.   Fikes;
        3.   Konica Minolta until paid in full;
        4.   First Data;
        5.   Pitney Bowes

    (b)     The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **October 7, 2009** or at least **thirty (30) days** after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

    Spirit & Truth Family Worship Center, Inc. (hereinafter referred to as "Spirit & Truth") is a non-profit organization designed to teach biblical principles that will help its congregants experience salvation through Jesus Christ and develop the acquisition of skills necessary to promote self-determination, hope, and prosperity in an excellent manner that glorifies God. Spirit & Truth is a sister church of the New Light Christian Center church.  It is also a member of the Association of Independent Ministries, Inc.  There were various financial challenges that brought the construction project to a stand still (i.e. permitting, capital recovery fee increase, unwarranted regulations by the city of League City, etc.).  These financial issues were exacerbated by the problems associated with the economic downturn and the two major hurricanes that impacted the Greater Houston area.  From a financial standpoint, the effect of these events severely crippled the completion of the facility.

Spirit & Truth Plan of Reorganization                                                          7

In view of Sprit & Truth's financial condition, it is very clear that New Light Church's Board of Directors have agreed to assist in the completion of the building of the new facility and implementation of a plan involving the cooperation on the part of Foundation Capital Resources.

Spirit & Truth will institute an annual capital campaign to raise $300,000-$400,000 over the next three (3) years above regular tithes and offerings to complete the construction project.

Spirit & Truth will work in conjunction with New Light Christian Center Church's Construction Department to complete the project over the next three (3) years.

Spirit & Truth congregants have committed to provide some of the labor necessary to finish the project. Spirit & Truth will secure all subcontractors to complete all work that the congregants are unable to complete.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   Definitions and Rules of Construction.   The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

For purposes of this Plan of Reorganization, the following terms and definitions shall have the following meanings unless the context clearly indicates otherwise:

8.01(a)   **"Administrative Claim"** means any Claim constituting a cost or expense of administration of the Chapter 11 Case allowed under subsections 503(b) and 507(a)(1) of Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expenses of operating the business of the Debtor, all compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under section 330 or 503 of the Bankruptcy Code, and any fees or charges assessed against the estate of the Debtor under section 1930, chapter 123 of title 28 of the United States Code.

8.01(b)   **"Administrative Claimant"** means any Person, including a Professional, entitled to payment on account of an Administrative Claim.

8.01(c)   **"Allowed,"** when used with respect to a Claim means a Claim (I) to the extent it is not Contested; or (ii) a Disputed Claim, proof of which was filed timely with the Bankruptcy Court, and (A) as to which no objection was filed by the Objection Deadline, unless such Claim is to be determined in a forum other than the Bankruptcy Court, in which case such Claim shall not become Allowed until determined by Final Order of such other

Spirit & Truth Plan of Reorganization                                                                                              8

forum and allowed by Final Order of the Bankruptcy court; or (B) as to which an objection was filed by the Objection Deadline, to the extent allowed by a Final Order. "Allowed," when used with respect to an Administrative Claim of a Professional shall mean an Administrative Claim approved by application to the Bankruptcy Court and entry of a Final Order approving such Administrative Claim.

8.01(d)     **"Bankruptcy Code"** means the Bankruptcy Reform Act of 1978, as amended and codified at Title 11 of the United States Code.

8.01(e)     **"Bar Date"** is the deadline previously established by the court, after which any proof of claim filed will have no effect on this Plan and no right to participate with other creditors under the Plan. Pursuant to the Notice of Meeting of Creditors promulgated by the Court, the Bar Date occurs 90 days after the first date set for the meeting of creditors. In the instant case, the meeting of creditors was held on September 5, 2002, and the Bar Date was December 31, 2002. Any Proofs of Claim filed thereafter are not deemed timely filed except as provided under Rules 3002, 3003, 3004 and 3005. The Trustee will file a Motion setting a new Bar date.

8.01(e)     **"Business Day"** means any day other than Saturday, Sunday, a legal holiday or a day on which national banking institutions in Texas are authorized or obligated by law or executive order to close.

8.01(f)     **"Claim"** shall have the meaning set forth in section 101(5) of the Bankruptcy Code. "Claim" shall mean a right to payment from the Debtor's Estate, which is evidenced by a timely filed Proof of Claim that is deemed allowed under 11 U.S.C. § 502 and/or U.S.C. § 503, or if a Proof of Claim has not been timely filed by the creditor, a claim and/or right which otherwise appears in the Debtors' bankruptcy schedules and (i) is not listed as disputed, contingent or unliquidated, or (ii) has not been resolved by Final Order of the Court in this reorganization case.

8.01(g)     **"Code"** shall mean the Bankruptcy Code of 1978 as contained in Title 11 U.S.C. Section 101 et seq. and amendments thereto.

8.01(h)     **"Confirmation"** shall mean the approval by the Court of the Plan.

8.01(i)     **"Confirmation Date"** means the date of entry of the Confirmation Order.

8.01(j)     **"Confirmation Hearing"** means the hearing conducted as it may be continued from time to time by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code and Bankruptcy Rule 3020(b) to consider confirmation of the Plan.

8.01(k)     **"Confirmation Order"** means an order entered by the Court confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

Spirit & Truth Plan of Reorganization                                                                 9

8.01(l)    **"Court"** shall mean the United States Bankruptcy Court for the Southern District of Texas, Houston Division, including the Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

8.01(m)    **"Creditors"** shall mean all creditors of the Debtor holding claims for debts, liabilities, or demands of any character whatsoever, as defined in §101(10) of the Bankruptcy Code.

8.01(n)    **"Debtor"** shall mean Spirit and Truth Family Worship Center, Inc.

8.01(o)    **"Debtor's Assets"** shall mean all right, title and interest in and to all property of every kind or nature, whether known or unknown, owned by Debtor or the Estate, including, but not limited to, any cash, real property interests, tax refunds, equipment, furniture, or other tangible property. accounts receivable, work-in-process, contract rights, insurance policies, intangible property, books and records, and whether known or unknown, causes of action, including, but not limited to, (I) all claims and rights against insiders and affiliates of Debtor and third parties and (ii) all claims and rights arising under or related to the Bankruptcy Code, including but not limited to, sections 362, 505, 506, 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code.

8.01(p)    **"Disputed Claim"** shall mean a Claim against the Debtor (a) that is listed in the Debtor's Schedules as disputed, contingent, or unliquidated; (b) that is listed in the Debtor's Schedules as undisputed, liquidated, and not contingent and as to which a proof of Claim has been filed with the Court, to the extent the proof of Claim amount exceeds the scheduled amount; (c) that is not listed in the Debtor's Schedules, but as to which a proof of Claim has been filed with the Bankruptcy Court; or (d) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Disputed Claim only to the extent of the objection.

8.01(q)    **"Disputed Claim Fund"** shall mean that account established by the Reorganized Debtor for the purpose of holding Dividends on claims that are disputed Claims at the time of a Distribution Date.

8.01(r)    **"Distribution Date"** shall mean that date designated by the Plan on which distribution are to be mailed as provided in the Plan.

8.01(s)    **"Distribution Fund"** shall mean that account established by the Reorganized Debtor for purpose of payment of Dividends to Allowed Unsecured Claims.

8.01(t)    **"Distribution Trustee"** shall mean Pastor Alma Bamberg.

8.01(u)    **"Dividend"** shall mean a payment in cash in the amount provided by the Plan for a designated class of claimants.

8.01(v)   **"Effective Date"** shall mean the thirtieth (30) Business day following the date of the order confirming the plan, if no notice of appeal is timely filed, or if a notice of appeal is filed, during which time no motion for stay pending appeal is granted or a supersedes bond is approved and filed, then it shall be the date on which the order confirming plan is a final order.

8.01(w)   **"Final Order"** shall mean an Order of the Court which, not having been reversed, modified or amended and not being stayed, and the time to appeal from which, or to seek review or certiorari or rehearing, has expired and such Order has become conclusive upon all matters adjudicated thereby, and in full force and effect.

8.01(x)   **"Insider"** shall have that meaning defined by 11 U.S.C. §101 (31).

8.01(y)   **"Interim Board of Directors for Reorganized Debtor"** shall consist of ___ people and shall function unless otherwise so stipulated.

8.01(z)   **"Lien"** shall mean mortgage, or encumbrance on property which is effective under applicable law as of the date of the commencement of the reorganization case. Lien shall also include the definitions under Code § 101(36), (37).

8.01(aa)   **"Plan"** shall mean this Plan of Liquidation and Reorganization in its present form, or as it may be amended or supplemented from time to time.

8.01(bb)   **"Priority Claim"** means those Allowed Claims which are entitled to the priority provided for under §507(a) of the Bankruptcy Code.

8.01(cc)   **"Pro Rata"** shall mean the amount which is the result of multiplying the funds available to a named class of creditors by the fraction in which the numerator is the allowed amount of a particular claim in the named class, and the denominator is a total of the allowed amounts of all claims on the named class, to be recalculated at the time of each disbursement.

8.01(dd)   **"Reorganized Debtor"** shall mean the Debtor after the entry of Order Confirming Plan.

8.01(ee)   **"Rule"** or **"Rules"** shall mean the Federal Rules of Bankruptcy Procedure.

8.01(ff)   **"Secured Claim"** shall mean a Claim secured by a perfected valid and enforceable lien on property in which the Debtor has an interest, of a value determined in accordance with 11 U.S.C. §506(a), or as may otherwise be determined in the course of Claim allowance under this Plan or the Bankruptcy Rules and law.

8.01(gg)   **"Secured Tax Claim"** shall mean a claim described in 11 U.S.C. §507(a)(8) together with all accrued interest and penalties, which is also a Secured Claim, if any.

8.01(hh)   **"Shareholder"** shall mean all shareholders of record of the debtor as of 6/1/2009.

Spirit & Truth Plan of Reorganization                                                                 11

 8.01(ii) **"Substantial Consummation"** shall occur upon the payment of the First Distribution under the Plan.

 8.01(jj) **"Unsecured Claim"** means any Claim that is not a Secured Claim, Administrative Claim or Priority Claim.

 8.01(kk) **"Unsecured Creditor"** shall mean the holder of an unsecured claim.

 8.02 Effective Date of Plan. The effective date of this Plan is the third business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

 8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

 8.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

 8.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

 8.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

### ARTICLE IX
### "DISCHARGE OF DEBTOR."

 9.01. Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Spirit & Truth Plan of Reorganization 12

## ARTICLE X
## CLAIM PROCEDURES

  10.0 **Objection Deadline and Process** The Reorganized Debtor shall have the exclusive right to object to the allowance of any Claims provided for under the Plan. All Claim objections must be filed within 120 days after the Effective Date of the Plan. All requests for a determination under 11 U.S.C. § 505 must be filed within 120 days after the Effective Date of the Plan.

  10.1 **Provisions Governing Distributions.** No distributions shall be made to any Class until all of the Claims in that class are resolved and an Allowed Amount is reached either by agreement or by Court Order. Subject to Bankruptcy Rule 9010, distributions to holders of Allowed Claims will be made at the address of each such holder as set forth on the proofs of claim filed by such holders, or at the last known address of such holder if no proof of claim is filed or if the Debtor has been notified in writing of a change of address. If any holder's distribution is returned as undeliverable, no further distributions to such holder will be made unless and until the Reorganized Debtor is notified in writing of such holder's then current address. All claims for undeliverable distributions must be made on or before the later of the first anniversary of the Effective Date of the Plan, or the ninetieth (90th) day following the date on which such claim is allowed. After such date, all unclaimed distributions will revert to the Debtor, and the Claim of any holder with respect to such distribution will be discharged and forever barred. Checks issued in respect of allowed claims will be null and void if not negotiated within six (6) months after the date of issuance thereof.

  10.3 **Legally Binding Effect.** The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan. On and after the Effective Date, all holders of Claims shall be precluded and enjoined from asserting any Claim against the Debtor or its assets or properties based on any transaction or other activity of any kind that occurred prior to the Confirmation Date except as permitted under the Plan.

  10.4 **Revesting of Property in the Debtor.** Upon the Effective Date of the Plan, all remaining property of the Estate shall vest in and become property of the Reorganized Debtor.

  10.5 **Liens, Claims and Encumbrances.** Except as otherwise specifically provided in this Plan, or in the Confirmation Order, on the Effective Date of the Plan all property vesting in and becoming property of the Reorganized Debtor shall be free of all liens, claims and encumbrances.

  10.6 **Injunction.** Except as otherwise provided in the Plan, holders of Claims are enjoined from threatening, commencing or continuing any lawsuit or other legal or equitable action against the Debtor, the Contributing Partners or their property to recover any Claim or Interest.

Spirit & Truth Plan of Reorganization 13

10.7   **Causes of Action.**  All claims and causes of action, including but not limited to claims recoverable under section 550 of the Bankruptcy Code are hereby preserved and retained for enforcement by the Reorganized Debtor after the Effective Date.

## ARTICLE XI
## EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS

11.0   **Impaired Classes to Vote.**  Each impaired class of Claims and Interests shall be entitled to vote separately to accept or reject the Plan.  A holder of a Disputed Claim which has not been temporarily allowed for purposes of voting on the Plan may vote only such Disputed Claim in an amount equal to the portion, if any, of such Claim shown as fixed, liquidated and undisputed in the Debtor's Schedules.

11.1   **Acceptance by Class of Creditors.**  A class shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (½) in number of the Allowed Claims of such class that have voted to accept or reject the Plan.

11.2   **Reservation of Cram down Rights.**  In the event that any impaired class shall fail to accept this Plan in accordance with section 1129 (a) of the Bankruptcy Code, the Debtor reserves the right to request the Bankruptcy Court to confirm the Plan in accordance with the provisions of section 1129 (b) of the Bankruptcy Code.

## ARTICLE XII.
## CONDITIONS TO CONFIRMATION AND CONSUMMATION OF PLAN

12.0   Conditions **to Confirmation of Plan.**  The Plan will not be effective unless (a) the Confirmation Order becomes a Final Order, and, (b) all Plan Documents and other applicable corporate documents necessary or appropriate to the implementation of the Plan have been executed, delivered, and where applicable, filed with the appropriate governmental authorities.

12.1   **Annulment of Plan if Conditions Not Waived or Satisfied.**  The Debtor reserves the right to waive any of the conditions precedent to the effectiveness of either the Confirmation Order or the Plan.  If any of the conditions precedent are not waived, and are not satisfied within the specified time periods or can no longer occur, the Confirmation Order will be annulled and the Debtor and all parties in interest will return to the *status quo ante* immediately before the entry of the Confirmation Order.

Spirit & Truth Plan of Reorganization											14

## ARTICLE XIII
## BAR DATES FOR FILING PROOFS OF CLAIM

13.0     The Bar Date for filing Claims was originally set for October 7, 2009.  Creditors must have filed a timely proof of claim within that bar date.  Failure to have filed a claim by the Bar Date would have resulted in a disallowance of their claim..

13.1     Any Creditor possessing a pre-petition claim that desired to receive a distribution under the provisions of this Plan, and whose claim is not evidenced by a court order or is not set forth on the Debtor's schedules in a liquidated, non-contingent amount, should have filed a proof of claim or request for compensation with the Bankruptcy Court not later than the new Bar Date that will be established, except as set out in Rules 3002, 3003, 3004 and 3005 where separate deadlines to file a Proof of Claim.  This Bar Date will be set by the Bankruptcy Court and notice will be given to all creditors as required by law.

13.2     The Debtor has filed as a part of their schedules a list of all creditors, setting forth the identity of each creditor and an indication of the amount due each creditor.  Unless a claim is listed as disputed, contingent or unliquidated, each creditor's claim will be allowed in the amount and status stated on the Debtor's schedules.  Any creditor who did not file a proof of claim in a different amount or status not later than the new Bar Date that will be established, or under the deadlines set out in Rules 3002, 3003, 3004 and 3005, will be barred from doing so.  Failure to have filed a timely proof of claim forces a creditor to accept the amount of his/her claim as listed on the Debtor's schedules.

13.3     **Claims listed as disputed, contingent, or unliquidated are not be allowed unless a proof of claim with all supporting documents was filed prior to October 7, 2009, or within the deadlines set out under Rules 3002, 3003, 3004 and 3005.**  In the event a creditor has filed a proof of claim in these proceedings with which the Debtors disagree, the Debtors have the option to file an objection to that claim and request the Court to determine the true value of the claim.  The Debtor shall attempt to resolve all objections to claims prior to confirmation.  However, the Debtor shall have 30 days from the Effective Date of the Plan to file objections to claims.

13.4     Any proof of claim for a debt listed on the Debtor's Schedules **as disputed, contingent, or unliquidated** which was not timely filed shall be of **no force and effect**.  No distribution will be made to any creditor that has not timely complied with this provision.

Spirit & Truth Plan of Reorganization 15

# ARTICLE XIV.
# RETENTION OF JURISDICTION

**14.0 Exclusive Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain and have exclusive jurisdiction over the Chapter 11 Case for the following purposes after the Effective Date:

14.01 To insure that the purpose and intent of the Plan are carried out;

14.1.1 To consider any modification of the Plan under section 1127 of the Bankruptcy Code before substantial consummation as defined in section 1101(2) of the Bankruptcy Code;

14.1.2 to hear and determine all Objections to Claims, controversies, motions, applications, suits and disputes that may be pending at or initiated after the Effective Date;

14.1.3 To classify the Claims of any creditor and to re-examine Claims which have been allowed for purposes of voting, and to determine Objections which may be filed to Claims;

14.1.4 To hear, determine, and enforce all claims and causes of action which may exist on behalf of the Debtor or its Estate, including but not limited to all causes of action available to the Debtor under Chapter 5 of the Bankruptcy Code;

14.1.5 To consider and act on the compromise and settlement of any Claim against or cause of action on behalf of the Debtor or the Estate;

14.1.6 To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation, execution, or enforcement of the Plan;

14.1.7 to hear and determine all requests for compensation and/or reimbursement of expenses for services rendered or expenses incurred prior to the Effective Date which may be made after the Effective Date of the Plan;

14.1.8 To enforce and interpret by injunction or otherwise the terms and conditions of the Plan;

14.1.9 To enter an order closing the Chapter 11 Case;

Spirit & Truth Plan of Reorganization 16

    14.1.10    to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or Confirmation Order which may be necessary or helpful to carry out the purposes and intent of the Plan;

    14.1.11    to consider and act on such other matters consistent with the Plan as may be provided in the Confirmation Order;

    14.1.12    to issue orders in aid of execution and implementation of this Plan to the extent authorized by 11 U.S.C. § 1142 or provided by the terms of this Plan; and

14.2    **Limitation on Jurisdiction.**  In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

### ARTICLE XV.
### MISCELLANEOUS PROVISIONS

15.0    **Payment of Fees.**  The Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed under 28 U.S.C. § 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case. After confirmation, the Reorganized Debtor shall file with the Bankruptcy Court and shall transmit to the United States Trustee and true and correct statement of all disbursements made by the Reorganized Debtor for each quarter, or portion thereof, that this Chapter 11 case remains open.

15.1    **Compliance with Tax Requirements.**  In connection with this Plan, the Debtor shall comply with all withholding and reporting requirements imposed by federal, state, and local taxing authorities, and Distributions hereunder shall be subject to such withholding and reporting requirements.

15.2    **Method of Surrender.**  In the event that any property is surrendered pursuant to this Plan, the surrender shall be effective by the filing of a notice with the Clerk within 30 days of the Effective Date reflecting the Debtor's intent to surrender the property.

15.3    **Amendment of the Plan.**  This Plan may be amended or modified by the Debtor before, or by the Reorganized Debtor after, the Effective Date as provided in section 1127 of the Bankruptcy Code.

15.4    **Withdrawal of Plan.**  The Debtor reserves the right to withdraw this Plan at any time prior to the Confirmation Date. If the Debtor withdraws this Plan prior to the Confirmation Date, or, if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute an

Spirit & Truth Plan of Reorganization                                                                 17

admission, waiver or release of any Claims by or against the Debtor or any other person, or to prejudice in any manner the rights of the Debtor, the Debtor's estate or any person in any further proceedings involving the Debtor.

    15.5    **Notices.** Any notices required to be given under this Plan shall be in writing. Any notice that is allowed or required hereunder except for a notice of change of address shall be considered complete on the earlier of (a) three days following the date the notice is sent by United States mail, postage prepaid, or by overnight courier service, or in the case of mailing to a non-United States address, air mail, postage prepaid, or personally delivered; or (b) the date the notice is actually received. Notices shall be sent to:

    (a)    If to the Debtor, at:
Spirit & Truth Family Worship Center
P. O. Box 1539
League City, TX. 77574

    (b)    J. Craig Cowgill
J. Craig Cowgill & Associates, P.C.
8100 Washington, Suite 120
Houston, Texas 77007

    (d)    If to any Creditor in its capacity as such, at its address or facsimile number as reflected on its proof of claim or Notice of Appearance, if any.

    (f)    If to any counsel for the Reorganized Debtor at such address or facsimile number as provided by the Reorganized Debtor

    15.6    **Due Authorization By Creditors.** Each and every Creditor who elects to participate in the Distributions provided for herein warrants that it is authorized to accept in consideration of its Claim against the Debtor the Distributions provided for in this Plan and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

    15.7    **Filing of Additional Documentation.** On or before the Effective Date, the Debtor may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

Spirit & Truth Plan of Reorganization 18

15.8 **Implementation.** The Debtor and the Reorganized Debtor shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Plan.

## ARTICLE XVI
## RESERVATION OF RIGHTS

16.0 Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking by the Debtor or any creditor of any action with respect to the Plan shall (i) be or be deemed to be an admission against interest and (ii) until the Effective Date, be deemed to be a waiver of any rights which the Debtor might have against a creditor, and until the effective date all such rights are expressly and specifically reserved to the extent disclosed in the Disclosure Statement.

**SPIRIT & TRUTH FAMILY WORSHIP CENTER, INC.**

By: **/s/Pastor Edwin Bamberg**
**Pastor Edwin Bamberg**

OF COUNSEL:

J. CRAIG COWGILL & ASSOCIATES, P.C.

By: **/s/J. Craig Cowgill**
   J. Craig Cowgill
   State Bar No. 04929000
   8100 Washington, Suite 120
   Houston, TX. 77007
   713/956-0254 (telephone)
   713/956-6284 (fax)
   jccowgill@cowgillholmes.com
   cmoore@cowgillholmes.com