UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SPIRIT AND TRUTH FAMILY § | CASE NO. 09-33890 |
| WORSHIP CENTER, INC. § | (Chapter 11) |
| Debtor § | |

**MOTION OF FOUNDATION CAPITAL RESOURCES, INC.**
<u>**FOR RELIEF FROM THE STAY**</u>

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST TWO DAYS BEFORE THE HEARING. IF YOU FILE YOUR RESPONSE LESS THAN 5 DAYS BEFORE THE HEARING, YOU MUST SEND A COPY TO THE MOVANT BY FACSIMILE, BY HAND, OR BY ELECTRONIC DELIVERY. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON DECEMBER 16, 2009, 10:00 A.M., C.S.T., COURTROOM 401, 4TH FLOOR, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE BANKRUPTCY COURT JUDGE:

**COMES NOW, Foundation Capital Resources, Inc.**, Movant herein, and files this Motion for Relief from the Stay, against the Debtor, Spirit and Truth Family Worship Center, Inc., and would respectfully show unto the Court as follows:

<u>**Jurisdiction**</u>

1. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. §1334 and to grant the relief requested herein pursuant to 11 U.S.C. §362.

**Background**

2. On June 1, 2009, Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code, thereby initiating the captioned bankruptcy case.

3. Movant is a secured creditor of the Debtor in the amount of $2,242,601.18 (the "Indebtedness") as of the date of the Debtor's filing as reflected in the Movant's proof of claim on file in this case, by virtue of a construction loan Movant made to the Debtor evidenced by a Promissory Note dated February 13, 2006, in the original principal amount of $2,150,000.00 (the "Note").

4. To secure the Indebtedness under the Note, the Debtor executed a Deed of Trust dated February 13, 2006, which was recorded in the official public records of Galveston County, Texas under Galveston County Clerk's file number 2006012017 (the "Deed of Trust") in which the Debtor granted the Movant a lien on the following real property and improvements:

> 6.0000 acres of land out of the Stephen F. Austin Survey, Abstract No 3, in Galveston County, Texas and being out of and a part of that certain 76.380 acre tract of land conveyed to Woco, Inc., as described in Correction Trustee's Deed recorded under County Clerk's File No. 8833386 of the Real Property Records of Galveston County, said 6.0000 acres of land being more particularly described by metes and bounds in Exhibit "A" attached to the Deed of Trust.

(the "Collateral").

5. Pursuant to Bankruptcy Local Rule 4001(a)(6), copies of the following documents evidencing the debt, lien perfection and payment history are attached:

(1)  02/13/06   $ 2,150,000.00 Adjustable Rate Secured Note **[Exhibit 1]**;

(2)  02/13/06   Deed of Trust, Assignment of Leases and Rents and Security Agreement **[Exhibit 2]**;

(3)  05/08/08   Corrected Third Allonge (Modification) to Adjustable Rate Secured Note **[Exhibit 3]**;

(4) Payment History since Inception **[Exhibit 4]**;

6. Prior to the Debtor's bankruptcy filing, Movant had extended the construction period maturity of the Debtor's loan numerous times from the original maturity of February 13, 2007, to August 13, 2008, in an effort to accommodate the Debtor's construction completion issues. In April of 2008, the Debtor was past due for installment payments for July 13, 2008, through and including March 13, 2009, in the total amount of $145,113.59 including late fees . The Movant made demand on the Debtor to cure its payment default, but the Debtor failed to do so.  The Movant provided notice to the Debtor that it had accelerated the maturity of the Note, demanded payment of the accelerated balance, and notified the Debtor of its intent to foreclose its lien on the Collateral. Thereafter, the Debtor requested the Movant to forbear in exercising its remedy of foreclosure and paid the Movant $30,000.00 and $20,000.00 in April and May of 2009, respectively, toward the indebtedness for the Movant's forbearance.  The loan was never reinstated and remained due in full. The property was posted for foreclosure in June of 2009, and the Debtor filed bankruptcy before the foreclosure could be conducted.

7. The Movant hereby seeks relief from the automatic stay for cause, including lack of adequate protection.

## Cause

8. Pursuant to 11 U.S.C. §362(d)(1), the automatic stay should be lifted for "cause" in regard to the Collateral.  Although §362(d)(1) does not define "cause," courts have interpreted it as inherently broad and flexible, allowing the Court to provide equitable relief in certain situations. *In re Texas State Optical*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995) ("Cause is an intentionally broad and flexible concept that permits the Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations."). Further, it is a well-established rule that the burden of proof regarding

the lack of cause for relief from stay rests with the Debtor under 11 U.S.C. §362(g) ("the party requesting relief has the burden of proof on the issue of the debtor's equity in property ... and the party opposing such relief has the burden of proof on all other issues").

9. Many different issues support a finding of cause to lift the stay in this case. The Movant's interest in the Collateral is not adequately protected. The Movant is not receiving payments from the Debtor on the Debtor's obligations. The Movant had not received a payment from the Debtor since before July 13, 2008, until the April and May forbearance payments which payments still would have left unpaid installments due since October of 2008 if not for the Movant's acceleration of the maturity of the Note. Under the Note terms, interest accrues at the pre-maturity note rate of interest (8.25% per annum) at the monthly rate of approximately $15,200.00. The Debtor has not provided proof of insurance coverage on the improvements of the Collateral leaving it inadequately protected. The Debtor has not proposed a confirmable plan of reorganization. Lack of adequate protection constitutes additional cause to lift and terminate the automatic stay under §362(d)(2).

## No Equity

10. Additionally, the stay should be lifted with regard to the Collateral pursuant to §362(d)(2) because the Debtor has no equity in the Collateral. The loan to the Debtor was for the construction of improvements. The improvements have not been completed, and the necessary permits for occupancy have not been issued by the requisite governmental authorities. The Debtor's proposed plan of reorganization calls for the completion of construction which it estimates at $300,000 to $400,000.00. In the Debtor's Liquidation Analysis, it has valued the Collateral at $2,000,000.00. The Debtor has no equity in the Collateral.

**Not Necessary for Reorganization**

11.     The Collateral is not necessary to an effective reorganization.  The Debtor bears the burden of proof on this issue under 11 U.S.C. §362(g).  To meet its burden, the Debtor must demonstrate by a preponderance of the evidence that there is a "[r]easonable possibility of a successful reorganization within a reasonable time.  *United Sav. Ass'n of Tex. V. Timber of Inwood Forest Assocs*. 484 U.S. 365, 376 (1988).  The Debtor is unable to show that it will have the resources necessary to complete construction, obtain occupancy permits, and use the Collateral to effectively reorganize.

**No Confirmable Plan**

12.     Moreover, the Debtor has not proposed a confirmable plan under 11 U.S.C. §1129.  The Movant is a holder of a claim in an impaired class, and it will not accept the plan as proposed.  The Debtor proposes to pay the Movant adequate protection payments of $7,500.00 per month over sixty months which is less than half the rate at which interest accrues on the debt which will allow the debt to grow substantially by over $450,000.00 over the proposed sixty month period.  The $7,500 monthly adequate protection payment ($90,000.00 in annual debt service) is not even included in the Debtor's proposed budget which already reflects a net loss of ($93,091.02) in 2010 **without** this expenditure, only a $3,912.27 net income in 2011 **without** this expenditure and net income in 2012 of $88,828.79 **without** this expenditure.  If these payments are added to the Debtor's budget, it will incur a net loss over these three years of $270,349.96 with no explanation of how it will manage to fund this loss.

**Basis for Lifting Stay**

13.     Pursuant to 11 U.S.C. §362(d)(1) and (2), the automatic stay should be terminated as to Movant for cause, for at least the following reasons:

(a)     The Debtor has not provided proof of insurance coverage on the Collateral.

(b)     The Debtor is in default in its payments to the Movant on the indebtedness secured by the Collateral.

(c)     The Debtor is unable to put forth a confirmable plan of reorganization.

(d)     The Debtor has no equity in the Collateral, and it is not necessary to an effective reorganization.

## Certificate of Conference

14.     The undersigned counsel for Movant conferred with Debtor's counsel November 9, 2009, regarding this motion. An agreement could not be reached on the requested relief.

## Requested Relief

For the reasons set forth herein, Movant requests that the automatic stay be in all things terminated as to the Collateral, that Movant be allowed to exercise it rights in and to the Collateral pursuant to the terms of the Deed of Trust and Note and foreclose its lien on the Collateral, and that Movant have such other and further relief, legal and equitable to which it is justly entitled.

Respectfully submitted,

**CHERNOSKY, SMITH, RESSLING & SMITH, PLLC**

By: /S/ MICHAEL J. SMITH
MICHAEL J. SMITH
TBA No. 18650880
4646 Wild Indigo, Suite 110
Houston, Texas 77027
Telephone: (713) 800-8608
Facsimile: (713) 800-8609
**Counsel for Movant, Foundation Capital Resources, Inc.**

**Certificate of Service and Certificate of Compliance with BLR 4001**

A copy of this motion was served on the persons shown on Service List below at the addresses reflected thereon on November 16, 2009, by prepaid United States first class mail. Movant certifies that movant has complied with Bankruptcy Local Rule 4001.

                                                  /S/  MICHAEL J. SMITH
                                                Movant's Counsel

## SERVICE LIST

**DEBTOR:**
Spirit and Truth Family Worship Center, Inc.
P.O. Box 1539
League City, Texas 77574-1539
*Via First Class Mail*

**DEBTOR'S COUNSEL:**
J. Craig Cowgill
Attorney at Law
8100 Washington, Suite 120
Houston, Texas 77007
Telephone: (713) 956-0254
Facsimile: (713) 956-6284
Email: jccowgill@cogillholmes.com
*Via Electronic Notice*

**U.S. TRUSTEE:**
Ellen Maresh Hickman
Office of U. S. Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
Telephone: (713) 718-4650
Facsimile: (713) 718-4680
Email: ellen.hickman@usdoj.gov
*Via Electronic Notice*

**TWENTY (20) LARGEST UNSECURED CREDITORS SCHEDULED BY DEBTOR, PARTIES IN INTEREST AND THOSE REQUESTING NOTICE:**

Capital One
P.O. Box 381
Salt Lake City, UT

Challenger Storage
1730 FM 528 Rd
Webster, TX 77598-4708

Cornerstone Shopping Center
c/o Noble House Real Estate
P.O. Box 202
Seabrook, TX 77586-0202

Custom Construction
1515 Webster St.
Houston, TX 77002

Extra Space Storage
8600 S. Main St.
Houston, TX 77025-2704

First Data
6200 S. Quebec St.
Greenwood Village, CO 80111-4729

Konica Minolta Business Solutions
P.O. Box 122366
Dallas, TX 75312-2366

Morningstar Mini Storage
3500 E FM 528 Rd
Friendswood, TX 77546-5005

Mr. Duke Keller, Jr.
Weycer, Kaplan, Pulaski & Zuber
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046

Office Depot
P.O. Box 689020
Des Moines, IA 50368-9020

Progressive Electrical
P.O. Box 36543
Houston, TX 77236-6543

Sam's Club
P.O. Box 981064
El Paso, TX 79998-1064

[K:\Wpmain\23907\52509\mrs.wpd]

1

U-Haul
351 Gulf Fwy S
League City, TX 77573-3525

U Bank
P.O. Box 6353
Fargo, ND 58125-6363

[K:\Wpmain\23907\52509\mrs.wpd]

2