UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
ELLEN M. HICKMAN, ATTORNEY
515 Rusk, Suite 3516
Houston, Texas  77002
Telephone: (713) 718-4650 ext. 250
Fax:      (713) 718-4680
ellen.hickman@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| SPIRIT AND TRUTH FAMILY | § | 09-33890-G3-11 |
| WORSHIP CENTER, INC. | § | (Chapter 11) |
| | § | |
| DEBTOR | § | |

## OBJECTION OF UNITED STATES TRUSTEE TO
## MOTION FOR ENTRY OF FINAL DECREE
**[Refers to Pleading #68]**

TO THE HONORABLE LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Judy A. Robbins, the United States Trustee for the Southern District of Texas ("UST"), by and through the undersigned counsel, who respectfully objects to the Debtor's "Motion for Entry of Final Decree" and represents as follows:

1.      Spirit and Truth Family Worship Center, Inc. ("Debtor") filed a voluntary petition under chapter 11 on June 1, 2009.

2.      On or about March 24, 2010, an Order Confirming Chapter Plan was entered (Dkt.#57).  The docket does not reflect that the Debtor has filed a Post-Confirmation Certificate or that a final decree has been entered.

3.      The docket reflects the last monthly operating report filed by the Debtor is for the month of February, 2010.  The docket does not reflect that the Debtor has reported on any of its operations subsequent to February, 2010.

4.      On or about February 28, 2011, the Debtor filed a "Motion for Entry of Final Decree" ("Motion") requesting that the case be closed.  A statement is included in the Motion that the

"Debtor is current on all of its U. S. Trustee's quarterly fees" (¶ 4).  This is incorrect.

5.      The Debtor last filed an operating report for the month of February, 2010.  The last payment of a quarterly fee was received August 24, 2010.  There is currently a balance due and owing in the amount of $1950.00, not including the current first quarter 2011.

6.      The UST objects to the entry of a final decree until the Debtor does the following: 1) reports on all disbursements from March, 2010 until date of closing either by filing monthly operating reports or an affidavit of the quarterly disbursements; and 2) pays all quarterly fees.

7.      Additionally, the UST objects to the form of order attached to the Motion.  Thirty days after entry of a Final Decree for payment of quarterly fees is too long, and the burden should not be on the UST to have to come back to the Court to reopen the case in the event the Debtor fails to pay the quarterly fees.

8.      Section 1930(a)(6) requires that "...a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first."  28 U.S.C. § 1930(a)(6).  Until the case is closed with a final decree, the case is still an open Chapter 11 case and quarterly fees continue to accrue post-confirmation.

9.      The Debtor's Second Amended Plan explicitly provides for reporting disbursements and the timely payment of all fees required to be paid by 28 U.S.C. §1930(a)(6) until the case is closed, dismissed, or converted.  (*See* Plan at Docket #57, Article III, ¶ 3.04 and Article XV, ¶ 15.0).

### Specific Responses to Debtor's Motion

11.      The UST admits the allegations contained in paragraphs 1 and 2.

12.      The UST is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 3 and 5.

13.      The UST denies the allegations contained in paragraph 4 that the Debtor is current in the payment of all of its U. S. Trustee's quarterly fees.

14.      Paragraph 6 contains a request for entry of an order of final decree, and to the extent a response is required, the allegations are denied.

WHEREFORE, the UST respectfully request that this Court deny the Debtor's Motion for Entry of Final Decree until the post-confirmation certificate is filed, all monthly or quarterly reports for the period of February, 2010 to date of closing are filed, all quarterly fees to date of the final decree are paid, and for any and all further relief as may be equitable and just.

Dated: February 28, 2011

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE


By: /s/ *Ellen M. Hickman*
       Ellen M. Hickman, TB#12975800
       515 Rusk, Suite 3516
       Houston, Texas  77002
       (713) 718-4650, (713) 718-4680 Fax


CERTIFICATE OF SERVICE

     I hereby certify that on this 28th day of February, 2011, I sent a true and correct copy of the above OBJECTION OF UNITED STATES TRUSTEE TO MOTION FOR ENTRY OF FINAL DECREE to the following parties by the following means:

          /s/ *Ellen M. Hickman*
          Ellen M. Hickman, Attorney

Debtor (by regular first class mail):
Spirit and Truth Family Worship Center, Inc.
P. O. Box 1539
League City, TX 77574-1539


Attorney for Debtor (via ECF):
J. Craig Cowgill
J. Craig Cowgill & Associates, P.C.
8100 Washington, Suite 120
Houston, TX 77007